NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KAREN L. MONTGOMERY,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2009-3188

---

Petition for review of the Merit Systems Protection Board in DA1221080179-W-1.

---

Decided: June 14, 2010

---

BARBARA M. RIZZO, Law Office of Barbara M. Rizzo, of Moss Beach, California, for petitioner.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, GAJARSA, and PROST, *Circuit Judges*.

PER CURIAM.

This is an appeal from an Individual Right of Action appeal ("IRA") filed by Karen L. Montgomery who now seeks review of a final decision of the Merit Systems Protection Board (the "Board") dismissing her IRA appeal for lack of jurisdiction. *Montgomery v. Dep't of Justice*, DA-1221-08-0179-W-1 (M.S.P.B. Aug. 18, 2008). Because we agree with the Board that Ms. Montgomery failed to make a non-frivolous allegation that she made a protected disclosure under the Whistleblower Protection Act of 1989 ("WPA"), 5 U.S.C. § 2302(b)(8), we affirm.

BACKGROUND

Since July 2002, Ms. Montgomery has been employed by the Department of Justice, Office of the Inspector General ("OIG"), as an auditor in the Dallas Regional Audit Office. As recently as November 2006, Ms. Montgomery's performance evaluations rated her work for OIG as "outstanding" and "excellent." Ms. Montgomery also received several awards for her work performance, including two Inspector General Honor Awards for "outstanding contributions" to the OIG and a $3,000 performance award for fiscal year 2006.

In December 2006, Ms. Montgomery confronted her supervisor, Harold Burton, about his conduct with a junior employee, Carrie Watkins. Ms. Montgomery told Mr. Burton that she had observed him engaging in, *inter alia*, lengthy telephone calls and whispered conversations with Ms. Watkins. She also alleged that Mr. Burton and Ms. Watkins had conducted an excessive number of personal meetings. Ms. Montgomery informed Mr. Burton that she considered his conduct inappropriate and

unprofessional. Mr. Burton denied engaging in any inappropriate or unprofessional conduct.

Several months later, on February 16, 2007, Ms. Montgomery again met with Mr. Burton concerning his behavior, but at this meeting Mr. Burton's supervisor, Robert Kaufman, was also present. At the meeting, Ms. Montgomery repeated her allegations of inappropriate and unprofessional conduct. Mr. Burton again denied any wrongdoing.

The three employees met again on March 9, 2007, and Ms. Montgomery again reasserted her allegations against Mr. Burton. At this time, Ms. Montgomery also alleged that Mr. Kaufman had violated civil service hiring regulations in hiring Ms. Watkins. Messrs. Burton and Kaufman both denied any wrongdoing.

Subsequent to the meeting, Mr. Kaufman issued a "Letter of Caution" to Ms. Montgomery on March 16, 2007, in which he chastised her for engaging in inappropriate conduct and failing to behave in a professional manner. Specifically, the letter, while not a formal reprimand, warned Ms. Montgomery to cease spreading false accusations about Mr. Burton's relationship with Ms. Watkins and Mr. Kaufman's hiring practices. Mr. Kaufman warned Ms. Montgomery that failure to cease her conduct would result in disciplinary action.

On March 26, 2007, Ms. Montgomery responded to the "Letter of Caution" by emailing Caryn Markse, Mr. Kaufman's supervisor. Ms. Montgomery's response denied the letter's allegations and again alleged that Mr. Burton and Ms. Watkins were engaged in inappropriate behavior. Ms. Montgomery, however, denied ever accusing Mr. Kaufman of violating civil service hiring regulations. Instead, Ms. Montgomery alleged that Mr. Kaufman bent the rules in hiring Ms. Watkins, but noted

that such conduct "occurs routinely" and is often "in the best interest of the government." Ms. Montgomery forwarded her email response to Paul Martin, the Deputy Inspector General for OIG on April 19, 2007.

On May 8, 2007, Ms. Montgomery filed a formal grievance under the Department of Justice's administrative grievance procedures. The grievance was denied a month later. Ms. Montgomery alleges that while the grievance was pending and continuing thereafter, Messrs. Burton and Kaufman engaged in retaliatory conduct against her. Such conduct included allegedly unwarranted criticism of her work, denials of her requests to participate in or observe briefing concerning an audit she previously worked on, refusing to speak with her, and downgrading her most recent performance evaluation.

Given the alleged retaliation, on October 17, 2007, Ms. Montgomery filed a whistleblower retaliation complaint with the Office of Special Counsel ("OSC"). The complaint alleged that the Department of Justice, through the actions of Messrs. Burton and Kaufman, had retaliated against her in response to her disclosures. On January 15, 2008, the OSC terminated its investigation into Ms. Montgomery's claims finding an insufficient basis for inquiring further into her complaint. Ms. Montgomery then filed a timely IRA appeal with the Board under 5 U.S.C. § 1221(a).

Based on the parties' briefing, the Board's Administrative Judge ("AJ") held that Ms. Montgomery failed to establish the Board's jurisdiction because she did not make a non-frivolous allegation that she had made protected disclosures. According to the AJ, Ms. Montgomery's disclosure to Mr. Kaufman about Mr. Burton's allegedly inappropriate relationship with Ms. Watkins was insufficient because "the mere *appearance* of inap-

propriate behavior . . . does not rise to the level of having a reasonable belief" that a violation of law, rule, or regulation occurred. As for her allegations against Mr. Kaufman, the AJ found that Ms. Montgomery failed to report her concerns to Mr. Kaufman's supervisors and therefore the allegations were not protected disclosures.

Ms. Montgomery petitioned for review by the full Board, which denied her petition. Because the full Board denied her petition for review, the AJ's decision became final. Ms. Montgomery then petitioned for review by this court. We have jurisdiction to review the Board's decision under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's jurisdiction is limited to matters expressly made appealable by law, rule, or regulation. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999). The Board has jurisdiction over an IRA appeal when a petitioner seeks corrective action of "a prohibited personnel practice described in [5 U.S.C. § 2302(b)(8)]." 5 U.S.C. § 1221(a) (2006). Section 2302(b)(8) prohibits, in part, federal employees from taking an adverse personnel action against another employee in retaliation for "any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences—(i) a violation of any law, rule, or regulation. . . ." 5 U.S.C. § 2302(b)(8)(A). "Whether the board has jurisdiction over an appeal is a question of law that this court reviews *de novo*." *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

To establish jurisdiction, the petitioner must make "nonfrivolous allegations that the [petitioner] made a protected disclosure that was a contributing factor to the personnel action taken or proposed." *Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1382 (Fed. Cir. 2007) (altera-

tions added).  "[V]ague, conclusory or facially insufficient allegations" will not provide the Board with jurisdiction over an IRA appeal.  *Johnston*, 518 F.3d at 910.  Whether an allegation is non-frivolous is "based entirely on the written record," *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008), and the petitioner "bears the burden of establishing Board jurisdiction," *id.*

Turning first to Ms. Montgomery's allegation that Mr. Kaufman violated civil service hiring regulations in hiring Ms. Watkins, we disagree with the AJ's conclusion that Ms. Montgomery's allegation did not constitute a disclosure because it was only made to the alleged wrongdoer, Mr. Kaufman.  While it is settled that "[w]hen an employee reports or states that there has been misconduct by a wrongdoer to the wrongdoer, the employee is not making a 'disclosure' of misconduct," *Huffman v. Office of Personnel Management*, 263 F.3d 1341, 1350 (Fed. Cir. 2001), Ms. Montgomery made her disclosures to supervisors other than Mr. Kaufman.  As noted in the AJ's decision, Ms. Montgomery disclosed her allegations to Ms. Marske in her March 26 email responding to the "Letter of Caution."  She also made the disclosure to Mr. Burton, who, while junior to Mr. Kaufman, was Ms. Montgomery's supervisor.  That Ms. Montgomery separately alleged Mr. Burton was a wrongdoer for a separate matter does not alter the fact that Ms. Montgomery disclosed an alleged wrongdoing to a supervisor who was not the alleged wrongdoer for that particular allegation.  "Any government employee, in a supervisory position, other than the wrongdoer himself, is in a position to 'correct' or 'remedy' the abuse by bringing the matter to the attention of a higher authority.  To be consistent with the statute and its purposes, complaints to supervisors concerning wrongdoing by other employees or other matters within the scope of the WPA should be encouraged and not discour-

aged, even if the supervisor himself lacks authority to directly correct the wrongdoing." *Id.* at 1351. Accordingly, Ms. Montgomery's disclosures to Ms. Marske and Mr. Burton qualify as "disclosures" under the WPA.

Despite this error, the AJ's ultimate finding that Ms. Montgomery did not establish jurisdiction is correct. In addition to alleging a disclosure, Ms. Montgomery's complaint must also make a non-frivolous allegation that evidences a violation of a law, rule, or regulation. *See Johnston*, 518 F.3d at 909-10. "The standard for determining whether non-frivolous disclosures exist is analogous to that for summary judgment." *Kahn*, 528 F.3d at 1341 (internal quotation marks omitted). "[T]he petitioner must show the existence of a material fact issue . . . to support Board jurisdiction. Non-frivolous allegations cannot be supported by unsubstantiated speculation in a pleading submitted by petitioner." *Dorrall v. Dep't of the Army*, 301 F.3d 1375, 1380 (Fed. Cir. 2002), overruled on other grounds by *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1347 (Fed. Cir. 2006) (en banc).

With respect to Ms. Montgomery's allegations against Mr. Kaufman, Ms. Montgomery vacillated between characterizing Mr. Kaufman's actions as violations of civil service hiring regulations and as routine conduct that is often "in the best interest of the government." However, beyond her inconsistent statements, Ms. Montgomery has provided no additional evidence that any hiring regulations were violated. Without some evidence to support her allegations, Ms. Montgomery cannot be said to have made a non-frivolous allegation that Mr. Kaufman violated a law, rule, or regulation. *See Dorrall*, 301 F.3d at 1380; *Herman v. Dep't of Justice*, 193 F.3d 1375, 1380-81 (Fed. Cir. 1999) (holding that the Board lacked jurisdiction over employee's IRA because the employee did not

"provide[d] any evidence whatsoever" demonstrating a violation of a law, rule, or regulation).

Turning to Ms. Montgomery's allegations against Mr. Burton, we also find them frivolous. Ms. Montgomery's allegations against Mr. Burton consist of: (1) an "excessive" number of meetings between Mr. Burton and Ms. Watkins; (2) lengthy telephone calls between Mr. Burton and Ms. Watkins; (3) whispered conversations between Mr. Burton and Ms. Watkins; (4) an instance in which Ms. Watkins was half-sitting and half-standing at Mr. Burton's desk while wearing a short skirt; and (5) an instance in which Ms. Watkins' arm was draped across the back of Mr. Burton's chair. In light of these allegations, Ms. Montgomery contends that a reasonable person would believe a law, rule, or regulation was violated.

Accepting Ms. Montgomery's evidence as true, the evidence is insufficient to demonstrate a violation of law, rule, or regulation. While Mr. Burton has a duty to "act impartially and not give preferential treatment to any . . . individual," 5 C.F.R. 2635.101(b)(8), Ms. Montgomery has proffered no evidence that Ms. Watkins received preferential treatment. Indeed, nothing in the record demonstrates that Ms. Watkins received promotions or any other benefit for which she was not qualified resulting from Mr. Burton's interactions with Ms. Watkins. Further, Ms. Montgomery offered no evidence to rebut Mr. Kaufman's statement that Ms. Watkins received a higher level of training as part of a new office policy to remedy the office's previous failure to adequately train new employees. In sum, Ms. Montgomery's allegations are "vague, conclusory or facially insufficient" as to any preferential treatment Mr. Burton afforded Ms. Watkins and fail to trigger the Board's jurisdiction under 5 U.S.C. § 1221(a). *See Johnston*, 518 F.3d at 910; *Dumas v. Merit Sys. Prot. Bd.*, 789 F.2d 892, 894 (Fed. Cir. 1986) (holding

that a non-frivolous allegation of Board jurisdiction is one which, if true, would establish a prima facie case that the Board has jurisdiction over the matter at issue).

Finally, we also reject Ms. Montgomery's contention that OIG perceived her to be a whistleblower. Specifically, Ms. Montgomery contends that Messrs. Burton and Kaufman's responses to Ms. Montgomery's allegations, in which both men concede she made allegations against them, and the "Letter of Caution," which recites the same allegations, prove that OIG perceived her as a whistleblower. *See, e.g.*, *Schaeffer v. Dep't of the Navy*, 86 M.S.P.R. 606, 617 (2000) ("One who is perceived as a whistleblower is entitled to the protections of the WPA, even if he has not actually made protected disclosures."). In other words, by acknowledging her allegations, Ms. Montgomery contends that OIG perceived her to be a whistleblower.

Ms. Montgomery is not a perceived whistleblower. The perceived whistleblower doctrine prevents a supervisor from taking retaliatory action against an employee, even if the employee's disclosure is later found unprotected, so long as the retaliation was taken in response to the disclosure. Here, Messrs. Burton and Kaufman concede knowledge of Ms. Montgomery's allegations, but neither concedes the legitimacy of her allegations. Messrs. Burton and Kaufman did not perceive Ms. Montgomery as a whistleblower; rather they perceived her allegations as frivolous at best and dishonest at worst. Because her allegations were frivolous, it would be unreasonable for OIG to perceive her as a whistleblower and retaliate against her. Accordingly, absent specific evidence that OIG retaliated against Ms. Montgomery for her frivolous allegations, the perceived whistleblower doctrine does not apply. *See Special Counsel v. Spears*, 75 M.S.P.R. 639, 654-55 (1997) (holding that the alleged

disclosure must at least be reasonable for the perceived whistleblower doctrine to apply).

Accordingly, we affirm the Board's order dismissing Ms. Montgomery's IRA appeal for lack of jurisdiction.

**AFFIRMED**