NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARNE K. MITSKOG,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2359

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-14-1035-W-1.

---

Decided: March 13, 2017

---

MARNE K. MITSKOG, West Fargo, ND, pro se.

CALVIN M. MORROW, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before DYK, MAYER, and REYNA, *Circuit Judges.*

PER CURIAM.

Marne K. Mitskog petitions for review of a decision by the Merit Systems Protection Board ("Board") dismissing her Individual Right of Action ("IRA") appeal under the Whistleblower Protection Act ("WPA") for lack of jurisdiction. We *affirm*.

## BACKGROUND

Mitskog was a Trial Attorney in the Office of Consumer Litigation of the Department of Justice from 2010 to 2011. Mitskog filed complaints with the Department's Office of Inspector General ("OIG") alleging that her supervisor, Ann Ravel, was improperly diverting funds designated by Congress for the prosecution of healthcare-fraud cases to non-healthcare-fraud cases. Mitskog also sent letters to Members of Congress and the State Bar of California detailing her allegations against Ravel. The record does not indicate the outcome, if any, resulting from Mitskog's complaints.

In 2012, Mitskog was hired by the Federal Election Commission ("FEC") as an attorney in the agency's Enforcement Division. Little more than a year later, on June 21, 2013, President Barack Obama nominated Ravel to serve as an FEC Commissioner. Shortly thereafter, Mitskog sent Ravel a series of emails in which she threatened to "blow up [Ravel's] nomination" and referenced the diversion of funds that was the subject of Mitskog's complaints to OIG and others. Ravel forwarded these emails to FEC officials, who ultimately removed Mitskog from her position for "conduct unbecoming a federal employee." S.A. 58. Mitskog's removal from the FEC became effective on December 28, 2013.

On January 17, 2014, Mitskog filed a whistleblower complaint with the Office of Special Counsel ("OSC") alleging that her removal from the FEC constituted

reprisal for her disclosures to OIG, Members of Congress and the State Bar of California. Mitskog later supplemented her OSC complaint with copies of emails between her and FEC officials regarding her removal. OSC terminated its investigation of Mitskog's complaint on July 28, 2014, and advised Mitskog that she was entitled "to seek corrective action from the . . . Board." S.A. 44.

Mitskog proceeded to file an IRA appeal with the Board, which determined that Mitskog had failed to exhaust her administrative remedies with OSC, and that in certain respects she had failed to nonfrivolously allege that she had engaged in protected activity. The Board therefore dismissed her appeal for lack of jurisdiction. Mitskog petitioned our court for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review jurisdictional determinations by the Board *de novo. See Serrao v. MSPB*, 95 F.3d 1569, 1573 (Fed. Cir. 1996). To establish the Board's jurisdiction over an IRA appeal, the employee bears the burden of proving exhaustion of administrative remedies before OSC. *See* 5 U.S.C. § 1214(a)(3). "In assessing whether an employee has exhausted . . . OSC remedies, we look to [the employee's] OSC complaint, as well as written correspondence concerning [the employee's] allegations." *McCarthy v. MSPB*, 809 F.3d 1365, 1374 (Fed. Cir. 2016). "We require that the employee articulate with reasonable clarity and precision [before the OSC] the basis for [the employee's] request for corrective action under the WPA to allow OSC to effectively pursue an investigation." *Id.* (internal quotation marks omitted).

The record before us demonstrates that the information Mitskog provided to OSC falls short of meeting this standard. Her claims of retaliation based on disclosures made to Members of Congress and the State Bar of California were conclusory and not presented to OSC with

sufficient specificity. Mitskog also argues that the Board erred by failing to consider her status as a "perceived whistleblower" and that the nature of her disclosures—protected or not—are irrelevant under this doctrine. *See Montgomery v. MSPB*, 382 F. App'x 942, 947 (Fed. Cir. 2010) ("The perceived whistleblower doctrine prevents a supervisor from taking retaliatory action against an employee, even if the employee's disclosure is later found unprotected, so long as the retaliation was taken in response to the disclosure."). But this theory was not mentioned in Mitskog's submission to OSC. The record of her OSC submission reflects only her statement to FEC officials that she had "federal whistleblower status." S.A. 97. This unilateral assertion is insufficient to demonstrate that agency officials *perceived* her to be a whistleblower.

With respect to Mitskog's allegation of whistleblower retaliation based on her disclosures to OIG, Mitskog broadly asserted in her initial OSC complaint the existence of "[t]wo instances (civil cases) that [she] reasonably believed were evidence . . . [of] fraudulent[] diver[sion]." S.A. 73. Although this allegation alludes to Mitskog's complaint to OIG, it lacks the precision necessary to have "allow[ed] OSC to effectively pursue an investigation." *McCarthy*, 809 F.3d at 1374. Mitskog's supplemental filings to OSC did not add any additional specificity to this claim. Thus, Mitskog failed to exhaust administrative remedies with respect to her OIG disclosures.

The Board's dismissal of Mitskog's appeal for lack of jurisdiction is

## AFFIRMED

### COSTS

No costs.