NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**LIBBY A. DEMERY,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2019-2282

---

Petition for review of the Merit Systems Protection Board in No. PH-1221-18-0105-W-1.

---

Decided: April 9, 2020

---

LIBBY A. DEMERY, Clinton, MD, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.

---

Before CHEN, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

Libby Demery seeks review of a decision of the Merit Systems Protection Board (Board) denying Ms. Demery's request for corrective action under the Whistleblower Protection Act (WPA) as amended by the Whistleblower Protection Enhancement Act (WPEA). The Board concluded that Ms. Demery failed to prove she made any protected disclosure that was a contributing factor in her non-selection for a position vacancy. We *affirm*.

## BACKGROUND

On October 26, 2010, Ms. Demery interviewed with a panel of individuals for a Management Analyst position in the National Guard Bureau. The panel's leader, Mr. Tony Denham, recommended Ms. Demery as the "selectee" to the Civilian Personnel Advisory Center (CPAC or Agency). CPAC had the authority to then make a tentative or final job offer to Ms. Demery. On November 19, 2010, in response to an email from Ms. Demery, Mr. Denham informed Ms. Demery that CPAC would be responsible for making the hiring decision and was trying to make sure the right candidate was selected. Appx106.[1] That same day, Ms. Demery called Mr. Denham. During that call, Mr. Denham informed Ms. Demery that CPAC was considering another candidate—a candidate from the Department of Defense's Priority Placement Program (PPP). The PPP gives priority to displaced workers who have been adversely affected by certain employment actions, including, among others, reductions in force. Department of Defense Instruction 1400.25, Vol. 1800, DoD Civilian Personnel Management System: DoD Priority Placement Program (PPP) (December 13, 2019), https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/140025/1400.25-

---

[1]    The appendix submitted by the Department of the Army will be referred to with the prefix "Appx."

V1800.pdf?ver=2019-03-01-100208-893.   Ms. Demery responded by telling Mr. Denham that hiring someone from the PPP did not "seem quite right" given that she had already been interviewed.  Board Hearing Tr. 109:4–9.

On November 23, 2010, unbeknownst to Ms. Demery, CPAC selected Mr. John Woods, a PPP candidate, for the Management Analyst position and sent him a tentative job offer, which Mr. Woods accepted the next day.  Appx61–62.  On December 8, 2010, CPAC extended a firm job offer to Mr. Woods, which he accepted later that day.  *Id.* at 59.

Following up on their November 19 phone call, Ms. Demery emailed Mr. Denham on December 1, 2010.  In that email, Ms. Demery described the limitations of the PPP and suggested that using that process after interviewing Ms. Demery could not "be justified."  *Id.* at 87–88.

On January 9, 2017, Ms. Demery filed a complaint with the Office of Special Counsel (OSC) claiming that the Agency hired Mr. Woods instead of her for the Management Analyst position in retaliation for her disclosures (November 19 phone call and December 1 email).  *Id.* at 91–105.  OSC initiated an inquiry into her complaint.  On October 26, 2017, OSC notified Ms. Demery that it was terminating its inquiry into her allegations and advised her that she could file an individual right of action appeal with the Board.  *Id.* at 89.  Ms. Demery appealed to the Board.

On June 12, 2018, the administrative judge held a hearing where three witnesses testified: Mr. Denham, Ms. Demery, and Ms. Lydia Langley, the Supervisory Human Resources Specialist at CPAC.  *Id.* at 4, 70.  The administrative judge determined that the November 19 phone call did not constitute a protected disclosure, but that the December 1 email did.  *Id.* at 12–13.  However, the Board found two reasons for why Ms. Demery failed to meet her burden of proof that the December 1 email was a contributing factor to her non-selection:  (1) the December 1 email occurred after CPAC's personnel decision to hire Mr.

Woods, and (2) the email was never forwarded or otherwise communicated to CPAC. *Id.* at 13–14.

On June 21, 2019, the administrative judge's initial decision became the final decision of the Board. Ms. Demery timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our standard of review is limited and requires this court to affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence" that "a reasonable mind might accept as adequate to support a conclusion." *McGuffin v. Soc. Sec. Admin.*, 942 F.3d 1099, 1107 (Fed. Cir. 2019).

The WPA prohibits an agency from taking a personnel action because of a whistleblowing "disclosure" or activity. 5 U.S.C. § 2302(b)(8)–(9). An employee who believes he has been subjected to illegal retaliation must prove by a preponderance of the evidence that he made a protected disclosure that contributed to the agency's action against him. *See Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1367 (Fed. Cir. 2012). "If the employee establishes this prima facie case of reprisal for whistleblowing, the burden of persuasion shifts to the agency to show by clear and convincing evidence that it would have taken 'the same personnel action in the absence of such disclosure.'" *Id.* at 1364 (quoting 5 U.S.C. § 1221(e)).

### A. November 19, 2010 phone call

The Board found that the November 19 phone call did not constitute a protected disclosure under the WPA as

amended by the WPEA[2] because Ms. Demery's statements were far too vague to constitute a disclosure of a violation of law or anything else.  Appx12.  We agree.

Under the WPA,[3] to establish a protected disclosure has been made, a person must establish that: (1) he had a reasonable belief that his disclosure was protected under the WPA; and (2) he identified a "specific law, rule, or regulation that was violated." *Langer v. Dep't of Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001) (internal quotations omitted).  Vague, conclusory, or facially insufficient allegations of government wrong-doing fail to constitute protected disclosures under the WPA.  *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 910 (Fed. Cir. 2008); *see also Herman v. Dep't of Justice*, 193 F.3d 1375, 1380–81 (Fed. Cir. 1999) (holding that the Board had no jurisdiction under the WPA for the disclosure of trivial violations of agency rules).

Substantial evidence supports the Board's finding that Ms. Demery's November 19, 2010 phone conversation lacks the specificity required to constitute a disclosure.  Ms. Demery testified that she told Mr. Denham in that call that she thought CPAC's consideration of another candidate "was not correct" and "that this timing doesn't seem quite

---

[2]    The WPEA clarified the definition of a disclosure under the WPA.  Under the WPEA, a disclosure will not be excluded from protection for any of these following reasons—simply because it was made to a wrongdoer, was made for personal motives, revealed information that was already known, was not made in writing, was made while off-duty, or was not made within a certain amount of time after the events described in the disclosure.  *See* Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465 (2012).

[3]    This standard is the same under the WPEA.  *See Mithen v. Dep't of Veterans Affairs*, 119 M.S.P.R. 215, n. 9 (2013).

right." Board Hearing Tr. 109:4–9, 15–20. Although Ms. Demery indicated her general dissatisfaction with the process, she did not allege any violation of a rule, regulation, or law. The Board reasonably found that Ms. Demery's statements in the November 19 phone call were too vague and conclusory and thus do not qualify as a protected disclosure under the WPA as amended by the WPEA.

## B. December 1, 2010 email

The Board found that the December 1 email was a protected disclosure but that Ms. Demery did not prove by a preponderance of the evidence that this disclosure was a contributing factor to her non-selection. Appx13. We agree.

"An employee can demonstrate that a disclosure was a contributing factor by adducing evidence that the deciding official was aware of the disclosure and that the length of time between the disclosure and the adverse action was such that a reasonable person could conclude that the disclosure contributed to the agency's decision to take action against him." *Suggs v. Dep't of Veterans Affairs*, 415 F. App'x 240, 242 (Fed. Cir. 2011) (citing 5 U.S.C. § 1221(e)(1)). Here, the Board found "there is no evidence anyone in CPAC (the deciding entity) had knowledge of the appellant's disclosure," crediting Ms. Langley's and Mr. Denham's testimony. Appx14.

Ms. Demery argues that she demonstrated during the hearing that Mr. Denham and Ms. Langley lied during their testimony. Appellant's Br. at 10–12. However, there is no evidence to support this contention. Rather, Ms. Demery seems to disagree with how the Board assessed the credibility of the witnesses. The Board's assessment of demeanor, contradiction, consistency, or other credibility determinations is given great deference on appeal. *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1299 (Fed. Cir. 2002) ("[G]reat deference must be granted to the trier of fact who

has had the opportunity to observe the demeanor of the witnesses, whereas the reviewing body looks only at cold records.") (internal citation and quotations omitted); *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998) (stating that the "evaluation of witness credibility is within the discretion of the Board and that, in general, such evaluations are virtually unreviewable on appeal"). Ms. Langley testified that she was unaware of Ms. Demery's December 1 email. Mr. Denham also testified that he did not forward Ms. Demery's December 1 email to Ms. Langley or anyone else. Additionally, the request for personnel action (RPA) tracker, which tracked the candidate selection of the Management Analyst position, does not contradict the testimony by Ms. Langley or Mr. Denham. We therefore do not disturb the Board's credibility-based determination that CPAC had not been informed of the December 1 email and that Mr. Denham did not forward or discuss the December 1 email with anyone.

The Board also found that CPAC's personnel decision to select and hire Mr. Woods occurred before December 1. Substantial evidence supports this finding. Mr. Woods was first sent a tentative job offer on November 23, 2010. Although Mr. Woods's firm offer was not sent until December 8, 2010, he was still selected for the Management Analyst position prior to Ms. Demery's December 1 email. Therefore, the Board did not err in determining that the December 1 email was not a contributing factor to Ms. Demery's non-selection.

## C. Denial of Additional Witnesses

Ms. Demery asserts that the Board erred in denying her the ability to call two additional witnesses. The Board determined it was unnecessary to hear from the two additional witnesses based on the testimony of Ms. Langley and Mr. Denham. Appx71, 73. The Board has broad discretion to exclude witnesses if their testimony would be irrelevant, immaterial, or repetitious. *See* 5 C.F.R. § 1201.41(b)(10);

*Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988); *see also Davis v. Dep't of Army*, 710 F. App'x 875, 880 (Fed. Cir. 2017) (finding that the Board did not abuse its discretion where it excluded witnesses).

Our court will not overturn the Board's decision to exclude witnesses unless the exclusion is a clear and harmful abuse of discretion. *See Curtin*, 846 F.2d at 1378 ("Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials."). In Ms. Demery's appeal, the Board determined that the testimony of the other two witnesses would not provide any additional relevant information because both of those witnesses worked under Ms. Langley and the Board had already heard testimony from Ms. Langley. Appx71. Ms. Demery did not have any interactions with the two witnesses and the RPA tracker contained in the record detailed the entries of the two witnesses with respect to the Management Analyst position candidate selection. Appx90. We find under these circumstances the Board did not abuse its discretion in excluding the testimony of the two witnesses.

### D. Perceived Whistleblower Claim

We also reject Ms. Demery's contention that CPAC perceived her to be a whistleblower. The Board found that Ms. Demery did not exhaust an allegation for perceived whistleblowing before OSC. Appx8 n.7. The Board further found that, even if she had, there was no evidence that the Agency perceived Ms. Demery as a whistleblower. *Id.* We again agree with the Board.

The perceived whistleblower doctrine prevents a supervisor from taking retaliatory action against an employee, even if the employee's disclosure is later found unprotected, so long as the retaliation was taken in response to the disclosure. *Montgomery v. Merit Sys. Prot. Bd.*, 382 F. App'x 942, 947 (Fed. Cir. 2010). Thus, even if Ms. Demery did not

actually engage in a protected activity, she could still have a claim if the agency officials nevertheless perceived her as having engaged in protected activity.

For an employee to establish that the Board has jurisdiction over an individual right of action appeal from OSC regarding a perceived whistleblower claim, he must, in addition to showing that he exhausted remedies before OSC, make a nonfrivolous allegation that the agency perceived him as a whistleblower and that his perception as a whistleblower was a contributing factor to his non-selection. 5 U.S.C. § 1214(a)(3); *King v. Dep't of Army*, 116 M.S.P.R. 689, 696 (2011). Below, the Board found that Ms. Demery failed to raise this claim to OSC. We review the Board's legal conclusion that Ms. Demery failed to exhaust her administrative remedies de novo.

Ms. Demery did not allege to OSC any perceived whistleblower theory separate from her whistleblower theory. Rather, her contention on appeal essentially is that raising a whistleblower theory also includes a perceived whistleblower theory. We disagree and see no error in the Board's ruling that Ms. Demery failed to exhaust her perceived whistleblower claim before OSC. *Ward v. Merit Sys. Prot. Bd.*, 981 F.2d 521, 526 (Fed. Cir. 1992) ("[T]he employee must inform [OSC] of the precise ground of his charge of whistleblowing.").

In any event, the Board also found no evidence that Ms. Demery was perceived as a whistleblower. Ms. Langley at CPAC was unaware of Ms. Demery's disclosures and Mr. Denham did not forward those disclosures to anyone else at CPAC and therefore it is impossible that CPAC perceived Ms. Demery as a whistleblower and retaliated against her. Thus, the Board's conclusion that Ms. Demery was not perceived as a whistleblower is supported by substantial evidence.

## F. Additional Allegations

To the extent Ms. Demery is requesting review of her other allegations, such as her Equal Employment Opportunity complaint containing an age discrimination allegation, we lack jurisdiction over these allegations because they are outside the scope of the Board's final decision. "Section 1295(a)(9) of Title 28 circumscribes our jurisdiction to review the Board's decisions, limiting it to jurisdiction over an appeal from a final order or final decision of the Board." *Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998, 999 (Fed. Cir. 1995) (internal quotations omitted). For example, we do not have jurisdiction over Ms. Demery's claim regarding Ms. Stoucker because Ms. Demery failed to exhaust this claim in front of OSC. For all of Ms. Demery's additional complaints and allegations we do not have jurisdiction because Ms. Demery failed to exhaust these allegations in front of OSC, she did not appeal or failed to timely appeal decisions from OSC to the Board, or she failed to timely appeal from the Board.

We have considered Ms. Demery's remaining arguments and find them unpersuasive.

## CONCLUSION

For the foregoing reasons, the Board's decision is

## **AFFIRMED**

## COSTS

No costs.