## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2022 MSPB 19

Docket No. DE-0831-16-0461-I-2

**Murray A. Johnson,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency,**

**and**

**Renee Johnson,**

**Intervenor.**

July 8, 2022

<u>Murray A. Johnson</u>, Montrose, Colorado, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

<u>Ray Epps</u>, Houston, Texas, for the intervenor.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1 The appellant has petitioned for review of an initial decision that affirmed the reconsideration decision of the Office of Personnel Management (OPM). For the following reasons, we DENY the petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order to correctly apply the

provisions of 5 C.F.R. § 838.623(c) for including the appellant's unused sick leave in calculating the intervenor's portion of the appellant's annuity.

## BACKGROUND

¶2      The appellant and his former spouse, the intervenor, were married from October 31, 1986, until they divorced on November 14, 1997, a period spanning 132 months of the appellant's creditable service under the Civil Service Retirement System (CSRS). *Johnson v. Office of Personnel Management*, MSPB Docket No. DE-0831-16-0461-I-1, Initial Appeal File (IAF), Tab 6 at 22-23. On November 14, 1997, the 312th District Court in Harris County, Texas, issued a final decree of divorce for the appellant and the intervenor. *Id.* at 27-59. That same day, the court issued a document entitled "Qualified Domestic Relations Order Federal Employee's Retirement System" (QDRO), which was sent to OPM for processing as a qualifying court order for dividing retirement benefits. *See Johnson v. Office of Personnel Management*, MSPB Docket No. DE-0831-16-0461-I-2, Appeal File (I-2 AF), Tab 9 at 9-13. However, OPM disapproved the QDRO as unacceptable on February 26, 1998, and returned it to the attorney for the intervenor. I-2 AF, Tab 15 at 4-5.

¶3      Subsequently, the presiding court issued an "Amended Order Dividing Civil Service Retirement System Benefits" on August 27, 1998, which was forwarded to OPM for processing on September 17, 1998, by the intervenor's attorney. IAF, Tab 6 at 20-26. OPM accepted and approved the amended order as a qualifying court order assigning a portion of the appellant's retirement benefits to the intervenor. *Id.* at 20-26; I-2 AF, Tab 15 at 4-5. The court order provided that, based on his service with the Federal Government, the appellant would be eligible for CSRS benefits and also provided that the intervenor in this appeal "is entitled to a share of those benefits (including any credits under the CSRS for military service)." IAF, Tab 6 at 23. The decree then stated that the intervenor's share

was 50% of the appellant's gross monthly annuity "that accrued between October 31, 1986 and November 14, 1997 under the CSRS." *Id.*

¶4 Following the appellant's retirement, effective February 1, 2015, OPM notified him that it had processed the intervenor's claim for an apportionment of his annuity benefit. IAF, Tab 6 at 14-17. The appellant requested reconsideration of OPM's decision, arguing that OPM improperly calculated the amount of the intervenor's benefit. *Id.* at 13. On August 16, 2016, OPM issued a final decision in which it corrected the length of the appellant's and the intervenor's marriage, reducing it from 133 to 132 months, but otherwise affirmed the apportionment calculation. *Id.* at 6-8. The appellant subsequently filed the instant appeal in which he argued that the August 27, 1998 decree was not a "court order acceptable for processing," challenged the manner in which OPM calculated the intervenor's apportionment, and claimed that his unused sick leave was incorrectly counted as "creditable service" and added to his actual service in the apportionment calculation, inappropriately increasing the intervenor's share of his annuity. IAF, Tab 1 at 1-4; I-2 AF, Tab 9 at 1-2.

¶5 After holding the appellant's requested hearing, the administrative judge issued an initial decision in which she affirmed OPM's reconsideration decision, finding the following: (1) the August 27, 1998 decree was an enforceable court order that was acceptable for processing; (2) OPM used the correct formula in apportioning the intervenor's share of the appellant's annuity; and (3) OPM correctly included the amount of the appellant's unused sick leave as of the date of his retirement in the apportionment calculation.[1] I-2 AF, Tab 16, Initial Decision (ID) at 5-7.

---

[1] Although not identified by either party, both OPM and the administrative judge erroneously cited 5 C.F.R. §§ 838.1003-.1004 as the relevant sections defining "qualifying court order[s]" applicable in the appellant's case. I-2 AF, Tab 16, Initial Decision (ID) at 5-6; IAF, Tab 6 at 4-8. However, those regulations apply only to court orders received by OPM before January 1, 1993. 5 C.F.R. §§ 838.101(c)(2),

¶6    The appellant has filed a petition for review of the initial decision, arguing that the administrative judge erred in concluding that OPM correctly included his unused sick leave as "creditable service" in calculating the intervenor's portion of his annuity. Petition for Review (PFR) File, Tab 1 at 7-8. OPM has filed a response in opposition to the petition for review, and the appellant has not filed a reply. PFR File, Tab 4. The intervenor has not submitted any filings on review.

## ANALYSIS

### Unused sick leave is generally included as creditable service in computing an annuity.

¶7    The gravamen of this appeal is whether and how the appellant's unused sick leave should be added to his actual service in apportioning his CSRS annuity with his former spouse. The general rule is that unused sick leave is included as "creditable service" in computing a CSRS annuity.[2]

¶8    More precisely, the issue in this case is whether the calculation of the intervenor's share of the appellant's annuity is based on the ratio of the months of their marriage to the number of months the appellant actually worked for the

---

838.102(a)(6); *see Hayward v. Office of Personnel Management*, 578 F.3d 1337, 1343 (Fed. Cir. 2009). Nonetheless, the administrative judge also identified the correct applicable provisions in reaching her decision that the August 27, 1998 decree was a court order acceptable for processing. ID at 6 (citing 5 C.F.R. § 838.302(a)(2)); *see* 5 C.F.R. § 838.301; 5 C.F.R. §§ 838.304-.306. To the extent the administrative judge erred in citing the incorrect provisions in sections 838.1003-.1004, that error did not affect the outcome of the decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that was not prejudicial to a party's substantive rights provided no basis for reversing an initial decision).

[2] OPM considers both "creditable" and "covered" service in determining whether an appellant is entitled to a CSRS annuity. *Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323 (1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991) (Table). While nearly all Federal service is "creditable" service, covered service is a narrower subset of Federal service and refers to Federal employees who are "subject to" the CSRA. *Lledo v. Office of Personnel Management*, 886 F.3d 1211, 1213 (Fed. Cir. 2018); *Noveloso*, 45 M.S.P.R. at 323-24 & n.1; *see generally* 5 U.S.C. § 8333. The appellant's entitlement to a CSRS annuity is not at issue in this appeal.

Government or the number of months he worked for the Government plus the number of months of unused sick leave he accumulated during his Government service. Under the first approach, and as argued by the appellant, unused sick leave would not be included in the calculation of the intervenor's share of the annuity, and the appellant would be entitled to 100% of the portion of the annuity based on the amount of service credit added to the appellant's actual service because of his unused sick leave. Under the second approach, as argued by OPM and the intervenor, the appellant's unused sick leave would be added to his actual service and that sum would be used in determining the ratio used to apportion the appellant's annuity.

¶9        Title 5, United States Code, section 8339(m), the statute governing computing CSRS annuities, states that "[i]n computing any annuity under [relevant subsections], the total service of an employee who retires on an immediate annuity . . . includes . . . the days of unused sick leave to his credit under a formal leave system." *Billinger v. Office of Personnel Management*, 206 F.3d 1404, 1406 (Fed. Cir. 2000) (quoting 5 C.F.R. § 831.302(c), which defines a "formal leave system" as "one which is provided by law or regulation or operates under written rules specifying a group or class of employees to which it applies and the rate at which sick leave is earned").

¶10        Provisions in OPM's regulations also support this conclusion. For example, 5 C.F.R. § 838.242(b) states without qualification that "[u]nused sick leave is counted as 'creditable service' on the date of separation for an immediate CSRS [] annuity," and is "not apportioned over the time when earned." Similarly, 5 C.F.R. § 831.302(a) states that, "[f]or annuity computation purposes, the service of an employee who retires on immediate annuity . . . is increased by the days of unused sick leave to his credit under a formal leave system."

¶11        Further, both the Board and the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) regularly have applied the above statutory and regulatory provisions to include unused sick leave in an annuity calculation in other types of

annuity computation cases. *See Jordan v. U.S. Postal Service*, 65 F. App'x 308, 313 (Fed. Cir. 2003)[3] (citing 5 C.F.R. § 831.302, and noting that it is "well established that a retiring employee may use accrued sick leave in calculating his years of service for annuity purposes"); *Adler v. Office of Personnel Management*, 114 M.S.P.R. 651, ¶ 3 & n.3 (2010) (citing 5 C.F.R. § 838.242(b), and noting that the appellant's unused sick leave is included in his months of total Federal service in awarding his former spouse a pro rata share of the appellant's annuity), *aff'd*, 437 F. App'x 928 (Fed. Cir. 2011); *Nichol v. Office of Personnel Management*, 105 M.S.P.R. 201, ¶ 19 (2007) (instructing OPM to credit the appellant's unused sick leave in her CSRS annuity calculation, citing 5 U.S.C. § 8339(m)), *aff'd as modified on other grounds on recon.*, 108 M.S.P.R. 286 (2008); *Vecchio v. Office of Personnel Management*, 94 M.S.P.R. 464, ¶ 18 n.8 (2003) (noting that under 5 U.S.C. § 8339(m), for annuity computation purposes, the service of an employee who is covered under the CSRS provisions and retires on immediate annuity is increased by the days of unused sick leave to her credit under a formal leave system); *Hayden v. Office of Personnel Management*, 58 M.S.P.R. 286, 293 (1993) (citing 5 C.F.R. § 831.302(a) for the proposition that employees eligible for immediate retirement may receive service credit for unused sick leave).

¶12     Finally, OPM's CSRS and Federal Employees' Retirement System (FERS) handbook lends additional support to this conclusion by noting that "[t]o determine the length of service for annuity computation purposes, all periods of an employee's creditable service and the period represented by unused sick leave are added and any fractional part of a month in the total is eliminated."  OPM,

---

[3] The Board may rely on unpublished decisions of the Federal Circuit if it finds the court's reasoning persuasive, as we do here. *See Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

CSRS and FERS Handbook,[4] *Creditable Civilian Service*, ch. 20, § 20A2.3-1F (April 1998), https://www.opm.gov/retirement-services/publications-forms/csrsfers-handbook/c020.pdf.

<u>OPM correctly included the amount of the appellant's unused sick leave at the time of his retirement in calculating the intervenor's portion of his annuity.</u>

¶13     Despite the general rule outlined above, the language in 5 C.F.R. § 838.623(c) contemplates circumstances in which unused sick leave is not included in an annuity computation. For example, subsection (c)(1) provides as follows:

> When a court order directed at employee annuity (other than a phased retirement annuity or a composite retirement annuity) contains a formula for dividing employee annuity that requires a computation of service worked as of a date prior to separation and using terms such as "years of service," "total service," "service performed," or similar terms, the time attributable to unused sick leave will not be included.

Conversely, subsection (c)(2) of the regulation provides as follows:[5]

> When a court order directed at employee annuity other than a phased retirement annuity or a composite retirement annuity contains a formula for dividing employee annuity that requires a computation of "creditable service" (or some other phrase using "credit" or its

---

[4] Although OPM guides and handbooks lack the force of law, the Board has held that they are entitled to deference in proportion to their power to persuade. *See Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 7 n.2 (2011) (addressing an OPM retirement handbook), *aff'd*, 493 F. App'x 105 (Fed. Cir. 2013); *Luten v. Office of Personnel Management*, 110 M.S.P.R. 667, ¶ 9 n.3 (2009) (granting "some deference" to an OPM retirement handbook). Here, OPM's retirement handbook is persuasive to the extent it shows that OPM regularly includes unused sick leave in a creditable service calculation for annuity computation purposes.

[5] On review, the appellant argues that the administrative judge inaccurately quoted 5 C.F.R. § 838.623(c)(2) in the initial decision by including only part of the language from that provision in support of her conclusion that OPM correctly included all of the appellant's unused sick leave in apportioning his annuity with the intervenor. PFR File, Tab 1 at 7-8; ID at 7. We agree with the appellant. We correct the administrative judge's error by analyzing the entire regulatory language.

equivalent) as of a date prior to retirement, unused sick leave will be included in the computation as follows:

(i) If the amount of unused sick leave is specified, the court order awards a portion of the employee annuity equal to the monthly employee annuity at retirement times a fraction, the numerator of which is the number of months of "creditable service" as of the date specified plus the number of months of unused sick leave specified (which sum is rounded to eliminate partial months) and whose denominator is the months of "creditable service" used in the retirement computation.

(ii) If the amount of unused sick leave is not specified, the court order awards a portion of the employee annuity equal to the monthly rate at the time of retirement times a fraction, the numerator of which is the number of months of "creditable service" as of the date specified (no sick leave included) and whose denominator is the number of months of "creditable service" used in the retirement computation (sick leave included).

¶14    Therefore, whether and how unused sick leave is included in the division of an annuity between a Federal employee and a former spouse is determined by resolving whether: (1) the court order apportions the annuity based on the former spouse's share of the employee's "service performed," or uses similar language denoting an award based on the actual service, in which case unused sick leave is not included; or (2) the court order contemplates an apportionment of the annuity based on "creditable service," in which case unused sick leave is included.

¶15    If the former spouse's share of the annuity is based on a portion of the "creditable service," a further determination must be made as to how the unused sick leave is to be included in the former spouse's share of the award. Under 5 C.F.R. § 838.623(c)(2)(i), if the court order identifies the amount of sick leave to be apportioned, the former spouse's share is increased according to the terms of the court order. If the court order does not specify the amount of unused sick leave to be apportioned, then the formula identified in 5 C.F.R. § 838.623(c)(2)(ii) awards the former spouse a share of the annuity that does not include the amount of unused sick leave in the numerator of the fraction, but

includes the entire amount of unused sick leave as of the date of retirement in the denominator of the fraction.

¶16    The August 27, 1998 divorce decree, the relevant terms of which were set forth previously, provides that the intervenor "is entitled to a share of [the appellant's CSRS retirement] benefits (including any credits under the CSRS for military service)." IAF, Tab 6 at 23. The decree then states that the intervenor's share is 50% of the appellant's gross monthly annuity "that accrued between October 31, 1986 and November 14, 1997 under the CSRS." *Id.*

¶17    Regarding the applicability of 5 C.F.R. § 838.623(c)(1), the decree does not contain the terms "years of service," "total service," "service performed," or other similar terms that would award the intervenor an annuity based on only a portion of the appellant's actual service without including unused sick leave. *Id.* Thus, subsection (c)(1), which provides for the complete exclusion of unused sick leave from the apportionment of an annuity, is not applicable here.

¶18    Conversely, although the term "creditable service" also is not included in the August 27, 1998 decree, as the administrative judge noted, the term "credit" is included in the section awarding the intervenor "a share of [CSRS] benefits (including any *credits* under the CSRS for military service)." IAF, Tab 6 at 23 (emphasis added); ID at 7. This language awarding "credits" for types of service other than actual Federal service performed—i.e., "military service"—plainly contemplates an expansive definition of the service to be included in the intervenor's share calculation, bringing the order within the purview of section 838.623(c)(2). Regarding the distinction between 5 C.F.R. § 838.623(c)(2)(i) and (ii), the court order also does not specifically identify the total amount of unused sick leave to be included in the intervenor's share of the

appellant's annuity, bringing the decree within the purview of 5 C.F.R. § 838.623(c)(2)(ii).[6]  IAF, Tab 6 at 23.

OPM's calculation of the intervenor's share of the appellant's annuity under 5 C.F.R. § 838.623(c)(2)(ii) is correct.

¶19    The appellant argues that, by applying the language of 5 C.F.R. § 838.623(c)(2)(ii), the intervenor's portion of the monthly annuity award should be reduced from $724.56 to $699.60.[7]  PFR File, Tab 1 at 8.  The appellant reaches this figure through the following calculation:

> $4,745.00 (monthly rate at the time of retirement) × "creditable service" calculation (417 months, excluding unused sick leave ÷ 432 months, including unused sick leave) × 15.275% (intervenor's share: 50% of 132 months of marriage ÷ 432 total months) = $699.60.[8]

¶20    However, the appellant's calculation relies on a fundamental misinterpretation of the language in 5 C.F.R. § 838.623(c)(2)(ii).  It appears that the appellant interpreted the "as of the date specified" regulatory language to refer to the entire period of his CSRS service.  PFR File, Tab 1 at 8.  Based on this assumption, the appellant concludes that the fraction outlined in the

---

[6] OPM's regulations in this regard are far from clear and are no doubt confusing to lay people and divorce attorneys engaged in developing property settlements involving Federal retirement benefits.

[7] This figure does not include the $138.00 deduction for the cost of providing for a survivor annuity benefit to the intervenor in the event that the appellant predeceases her.  The appellant does not challenge this.  ID at 4.

[8] In reaching these figures, it appears that the appellant modified his calculations in the following manner:  (1) by dropping the repeating decimal places and rounding up the "creditable service" calculation (from .9652777… to .9653); (2) reducing the "creditable service" he argues the intervenor is entitled to after deducting unused sick leave from the calculation, rounding the monthly amount down to the nearest whole dollar, from $4,580.3485 to $4,580.00; and (3) by dropping the repeating decimal places in his calculation of the intervenor's percentage share (from 50% of .305555… to 50% of .3055), resulting in a reduction in the intervenor's share (from 15.277…% to 15.275%).  The appellant has offered no explanation for any of these alterations.  Finally, the appellant also rounded the final result up to the nearest whole cent (from $699.595 to $699.60).

regulation should be calculated as the proportion of his creditable service without sick leave included (417 months) divided by his total creditable service at retirement (432 months). *Id.* From that, he multiplies that proportion (.9653) times the total gross annuity award ($4,745.00), and *then* multiplies the result by the intervenor's share (15.275%). *Id.* There is no support for this interpretation in the regulation. Instead, the "as of the date specified" regulatory language refers to the date specified *in the court order* dissolving the marriage. 5 C.F.R. § 838.623(c)(ii). Thus, the correct calculation is as follows:

> $4,745.00 (monthly rate at the time of retirement) × 15.27% (50% of 132 months of marriage as of the date specified in the court order, without sick leave included ÷ 432 months of "creditable service" used in the final retirement computation, with sick leave included) = $724.56.[9]

¶21    Because this figure is the same one reached in OPM's reconsideration decision and relied on by the administrative judge, we find that the administrative judge did not err in affirming OPM's reconsideration decision. Accordingly, we affirm the initial decision as modified by this order to incorporate the correct language from 5 C.F.R. § 838.623(c)(2)(ii) that requires including the amount of the appellant's unused sick leave at the time he retired in the intervenor's apportionment of the appellant's annuity award.

---

[9] In calculating the intervenor's portion of the appellant's annuity, it appears that OPM dropped decimal places and rounded down the percentage amount of the intervenor's share at both steps of the calculation process. First, in determining the proportion of the number of months of marriage included in the intervenor's share (.3055 vs. .305555…), and second, in calculating the intervenor's percentage share based on her pro rata award of the appellant's annuity based on the number of months of marriage (15.27% vs. 15.2777…%). ID at 4 (quoting IAF, Tab 6 at 7). It is unclear whether this downward rounding was consistent with OPM's regulations. Nonetheless, because this issue was not raised by either party or by the administrative judge, and because the resulting difference in the potential monthly share was very small ($724.56 vs. $724.93), we see no reason to disturb this finding on review.

**ORDER**

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

**NOTICE OF APPEAL RIGHTS**[10]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[11]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.