# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KATHY MORPHIS,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE ARMY,
　　　　　Agency.

DOCKET NUMBER
SF-0752-20-0516-I-1

DATE: August 9, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Georgia A. Lawrence, Esquire, and Shaun Southworth, Esquire, Atlanta,
　　Georgia, for the appellant.

Heather A. Masten, Esquire, Fort Sam Houston, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED concerning the appellant's affirmative defenses of reprisal for equal employment opportunity (EEO) activity and whistleblowing, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant was employed by the agency as an Attorney-Advisor in the agency's Judge Advocate Office at Tripler Army Medical Center in Honolulu, Hawaii. Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 18. By letter dated March 27, 2020, the agency proposed her removal based on two charges: (1) conduct unbecoming a Federal employee; and (2) negligent performance of duties. IAF, Tab 1 at 8-20. Each charge was supported by five specifications. *Id.* at 8-9. After affording the appellant an opportunity to respond, the agency issued a decision sustaining both charges and removing the appellant, effective May 27, 2020. *Id.* at 44-46. The deciding official sustained specifications 2-5 of the conduct unbecoming charge and all five specifications in support of the negligent performance charge. *Id.*

¶3 The appellant filed a Board appeal challenging her removal and raising affirmative defenses of reprisal for her protected EEO and whistleblowing

activities.[2] *Id.* at 7, 38-39. After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 64, Initial Decision (ID). The administrative judge found that the agency proved both of its charges, the appellant failed to prove any of her affirmative defenses, and the penalty of removal was reasonable. Regarding the conduct unbecoming charge, the administrative judge sustained specifications 3-5 but did not sustain specification 2. ID at 5-32. Regarding the negligent performance charge, the administrative judge sustained all five specifications. ID at 32-49. The administrative judge found that the appellant failed to prove that her prior EEO activity was a motivating factor in her removal and that, although the agency perceived her as a whistleblower, the agency proved by clear and convincing evidence that it would have removed her in the absence of such a perception. ID at 52-65. Finally, the administrative judge also found that the agency did not violate the appellant's due process rights based on the deciding official's testimony at the hearing that he relied on the EEO materials that the appellant submitted with her written response to support his penalty determination. ID at 49-52.

¶4    The appellant has filed a petition for review, which the agency has opposed. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the agency proved both of its charges.</u>

¶5    On petition for review, the appellant argues that the agency failed to prove any of its specifications in support of its charges. PFR File, Tab 1 at 7-13. However, she largely fails to cite to specific evidence and explain its relevance or how it would alter the outcome of the appeal. For example, regarding charge 1,

---

[2] The appellant also initially raised, but later withdrew, affirmative defenses of discrimination based on her age, sex, and disability. ID at 53 n.13.

specification 4, the appellant summarily asserts, "this was a mistake and the Agency failed to prove it occurred as charged. It was not serious and did not ultimately impact the Agency seriously." *Id.* at 8. To the extent the appellant does not identify specific errors in the administrative judge's analysis, the Board will not embark upon a complete review of the record. *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992); 5 C.F.R. § 1201.115(a)(2) (stating that a petitioner who alleges that the administrative judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error). Nonetheless, we address those issues and findings regarding which the appellant has presented specific arguments on review.

¶6          Regarding charge 2, the appellant reiterates her unsupported argument that, to prove a charge of negligent performance of duties, the agency was required to prove the elements of the tort of legal malpractice, which includes proof that the appellant's actions resulted in damage to the agency. PFR File, Tab 1 at 11. The administrative judge, however, properly considered and rejected such an argument. ID at 32-33; *see Velez v. Department of Homeland Security*, 101 M.S.P.R. 650, ¶ 11 (2006), *aff'd*, 219 F. App'x 990 (Fed. Cir. 2007) (holding that culpable negligence in the performance of official duties is a failure to exercise the degree of care required under the particular circumstances, which a person of ordinary prudence in the same situation and with equal experience would not omit). The appellant also asserts that the agency failed to prove charge 2, specifications 3 and 4, because it failed to present evidence that her legal advice was wrong. PFR File, Tab 1 at 12-13. However, the relevant inquiry is not whether the agency proved that the appellant provided incorrect legal advice but, rather, whether the agency proved that she failed to exercise the degree of care required under the particular circumstances. *See Velez*, 101 M.S.P.R. 650, ¶ 11. The appellant has not established any error in the

administrative judge's findings that it was negligent for her to "shoot from the hip" and provide legal advice based on personal opinions without conducting any legal research or providing any legal analysis, particularly given the issues involved complex and opaque legal questions that an attorney of the appellant's experience should have known could be open to multiple interpretations and would need to be researched further. ID at 43-48.

¶7    Regarding charge 2, specification 5, the appellant summarily asserts that this specification "shows charge stacking by the Agency" because the agency charged her for the same misconduct twice. PFR File, Tab 1 at 13. The record reflects that in charge 2, specification 5, the agency charged the appellant with negligently failing to perform her duties by refusing to assist or provide discovery as ordered by a military judge in a military courts-martial case. IAF, Tab 1 at 9. Although related, charge 1, specification 3, charged her with conduct unbecoming based on an inflammatory statement she made to the trial counsel in the context of refusing to provide the discovery. *Id.* at 8. Thus, we discern no error in the administrative judge's decision to sustain both specifications.

¶8    Next, the appellant contends that the administrative judge erred in her credibility findings. Regarding charge 2, specification 1, the appellant contends that she did not testify that she told her supervisor that live testimony was required at an adverse action privilege hearing and the administrative judge erred in crediting her supervisor's testimony to the contrary because the supervisor was biased against her. PFR File, Tab 1 at 11-12. Such arguments do not provide a sufficiently sound reason for overturning the administrative judge's demeanor-based credibility findings. *See Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002) (holding that the Board may overturn an administrative judge's credibility determinations only when it has "sufficiently sound" reasons for doing so). Here, the administrative judge observed the appellant and her supervisor testify, and he found that the appellant's supervisor's testimony was "eminently more credible than the appellant's" and consistent with

the record, including with his contemporaneous emails and memorandum for the record. ID at 39. In contrast, the administrative judge found that the appellant's testimony was evasive, vague, argumentative, and neither internally consistent nor consistent with the record. ID at 39-40. We decline to disturb the administrative judge's credibility findings because the record reflects that he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶9 Similarly, regarding charge 1, specification 5, the appellant contends that the administrative judge erred in crediting Major J.W.'s testimony because he was unreliable, biased, and paranoid that the appellant would blame him for malpractice. PFR File, Tab 1 at 7-9. The appellant further contends that Major J.W.'s hearing testimony was inconsistent with his written memorandum of the incident because he did not specifically use the word "threat" in describing the appellant's alleged actions that he perceived as a threat to change his testimony. *Id.* at 9. Finally, the appellant asserts that Major J.W. knew that any alleged threat by her to report him would not have been viable because Major J.W. knew he did not have any obligation to report child abuse. *Id.* at 9-10. However, the administrative judge considered and rejected such arguments, which we find constitute mere disagreement with the administrative judge's credibility findings and, thus, do not provide a sufficiently sound reason to overturn such findings. ID at 19-24. For example, the administrative judge acknowledged that Major J.W. conceded that he was aware that he had no professional responsibility to report child abuse, which could suggest that he should have known that the alleged threat by the appellant was an empty threat. ID at 22. However, the administrative judge credited the testimony of Major J.W. that he viewed the appellant as a legal expert on these issues and therefore believed that she might have some legitimate basis for making the threat. *Id.* The administrative judge

further found Major J.W.'s testimony and description of the fear and anxiety he experienced as a result of his January 23, 2020 conversation with the appellant to be "fully sincere, internally consistent, and consistent with the record." *Id.*

¶10      Lastly, the appellant contends that the administrative judge erred in sustaining charge 2, specification 2, because to do so would amount to disciplining her for being a whistleblower. PFR File, Tab 1 at 12. However, as discussed below, we disagree with the administrative judge's conclusion that the proposing official perceived the appellant as a whistleblower based on her comments that form the basis of this specification. Thus, the appellant's argument provides no basis for reversing the administrative judge's decision to sustain charge 2, specification 2.

<u>We vacate the administrative judge's findings concerning the appellant's affirmative defense of whistleblower reprisal.</u>

¶11      The administrative judge found that the appellant's supervisor, the Center Judge Advocate (CJA), who was the proposing official, perceived the appellant as a whistleblower based on their June 3, 2019 conversation that formed the basis of the agency's charge 2, specification 2. ID at 60-61. The agency has not filed a cross petition for review challenging the administrative judge's finding that the CJA perceived the appellant as a whistleblower. Nonetheless, we exercise our discretion to consider the issue to properly address the appellant's contention on review that the administrative judge erred in sustaining charge 2, specification 2, because it was grounded in her perceived whistleblowing. PFR File, Tab 1 at 12; *see* 5 C.F.R. § 1201.115(e) (stating that the Board reserves the authority to consider any issue in an appeal before it).

¶12      The relevant background facts according to the administrative judge are as follows. The parties do not dispute that, during the June 3, 2019 meeting, the appellant and the CJA discussed a privileging matter concerning a hospital provider who had been accused of engaging in inappropriate sexual conduct with patients and staff. ID at 2-3, 34, 36. A credentialing committee had previously

convened to discuss the matter, and the committee intended to recommend to the Commander, who was the ultimate decision maker, that the provider be reinstated with monitoring and evaluation. ID at 33-35. The CJA, whose role was to advise the Commander in legal matters, disagreed with the credentialing committee's recommendation, believed there was sufficient evidence to take an adverse privileging action, and expressed his concern to the head of the credentialing committee about the optics of reinstating the provider under the circumstances. ID at 35. However, prior to making his recommendation to the Commander, the CJA wanted to discuss the matter with the appellant, who was the agency's legal expert in privileging matters. ID at 35, 41.

¶13    On June 3, 2019, the CJA met with the appellant, and they discussed the matter. ID at 36. The administrative judge credited the testimony of the CJA, over the appellant's denial that, during their meeting, the appellant raised concerns that the CJA would be acting unethically and asserting unlawful command influence (UCI) if he recommended to the Commander a course of action that differed from the credentialing committee's recommendation. ID at 36-37. The CJA took the appellant's alleged ethical concerns seriously and reported them to the legal staff at MEDCOM, the agency's central medical command. ID at 37. MEDCOM issued a memorandum dated September 3, 2019, finding that there was no evidence to support the allegations that the CJA had engaged in unethical conduct or UCI. *Id.*; IAF, Tab 21 at 4-8. Thereafter, the CJA proposed the appellant's removal on March 27, 2020. IAF, Tab 1 at 8-20. Charge 2, specification 2 of the proposal alleged that the appellant negligently failed to adequately research her legal opinion that it was UCI and unethical for the CJA to advise the Commander of a recommendation that differed from the credentialing committee's recommendation, which is contrary to Army Regulations stating that the Commander is not bound by the recommendation of the credentialing committee. *Id.* at 9; IAF, Tab 23 at 246.

¶14     The administrative judge found that the CJA perceived the appellant as a whistleblower based on the following:  (1) the CJA admitted that the appellant accused him of unethical conduct and UCI, both of which would be considered a violation of law, rule, or regulation; and (2) the CJA took the appellant's accusations seriously and self-reported the issues raised.  ID at 61.  We disagree with the administrative judge's analysis.  Under a perceived whistleblower theory, the relevant inquiry is whether the CJA reasonably believed that the appellant made or intended to make disclosures that evidenced a type of wrongdoing listed under 5 U.S.C. § 2302(b)(8).  *See King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 8 (2011).  Here, the record does not support such a finding.

¶15     The CJA testified that he was concerned generally that the appellant had a perception that he was acting unethically, and he reported the appellant's allegations to dispel any question concerning his credibility or reputation not because he viewed the appellant's allegations ". . . as credible, or even understood . . ." the basis for her allegations or how his actions purported to raise any ethical concerns or UCI.  IAF, Tab 61, Hearing Recording (HR) (testimony of the CJA).  He further testified that the appellant did not say why his conduct would be unethical and, on cross-examination, when asked to explain how the situation raised any ethical issues, the CJA indicated that it was the appellant's perception, and you would have to ask her.  *Id.*  He further testified that the appellant made the comments but whether they were proper or feasible was a different argument.  *Id.*  We find that, given the conclusory and incomplete nature of the appellant's allegations, the CJA could not reasonably have perceived her as disclosing a violation of law, rule, or regulation, notwithstanding his report of her allegations.  *See, e.g.*, *Montgomery v. Merit Systems Protection Board*, 382 F. App'x 942, 947 (Fed. Cir. 2010) (finding that the relevant management officials did not perceive the appellant to be a whistleblower because, although they conceded knowledge of the allegations, they did not concede the legitimacy of her

allegations, which they perceived as frivolous) (citing *Special Counsel v. Spears*, 75 M.S.P.R. 639, 652-54 (1997) (finding that the doctrine of perceived whistleblowing does not apply if a hypothetical observer could not reasonably believe that the information disclosed evidenced agency wrongdoing)).[3]

¶16    Moreover, at the time he proposed the appellant's removal on March 27, 2020, MEDCOM had already exonerated the CJA of any misconduct when, on September 3, 2019, it concluded that he had not engaged in unethical conduct or exerted UCI.  IAF, Tab 21 at 4-8.  Significantly, MEDCOM concluded that UCI was not applicable to the privileging matter because the CJA was not advising the Commander in a court-martial process.  *Id.* at 6-7.  It further concluded that there were no ethical issues because the Commander was not bound by the recommendation of the credentialing committee, it was the CJA's duty to advise the Commander on health law matters, there was sufficient evidence to support a recommendation for an adverse privileging action, and MEDCOM had already informed the CJA that reinstatement with monitoring and evaluation was not an option because the provider no longer possessed a medical license and therefore could not practice medicine even if reinstated.  *Id.* at 5-7.  Thus, under these facts, the record does not support a conclusion that the CJA perceived the appellant as a whistleblower at the time he issued the proposal notice.[4]  *See*

---

[3] The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if it finds the court's reasoning persuasive, as we do here.  *E.g.*, *Johnson v. Office of Personnel Management*, 2022 MSPB 19, ¶ 11 n.3.

[4] On review, the appellant disputes the administrative judge's finding that the deciding official did not perceive her to be a whistleblower.  PFR File, Tab 1 at 5.  The appellant contends that the deciding official must have perceived her to be a whistleblower because, in her written response to the proposal notice, she alleged that her removal constituted reprisal based on the proposing official's perception of her as a whistleblower.  *Id.*  The administrative judge acknowledged that the appellant raised such an argument in her written response to the proposal notice, but he credited the testimony of the deciding official that he was confused about the appellant's perceived whistleblowing claim because he would only consider someone a whistleblower if they reported wrongdoing to the Office of Special Counsel or there was evidence that the

*Montgomery*, 382 F. App'x at 947. Accordingly, we vacate the administrative judge's finding to the contrary. Because we find that the appellant failed to prove that she was perceived as a whistleblower, we also vacate the administrative judge's clear and convincing analysis and we do not reach the appellant's arguments regarding the same. PFR File, Tab 1 at 6-7; *see Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (stating that the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015).

The administrative judge properly found that the appellant failed to prove her remaining affirmative defenses.

¶17    On review, the appellant reiterates her argument that the agency violated her due process rights because the deciding official testified that he considered the evidence the appellant submitted in her written response to the proposal notice as an aggravating factor. PFR File, Tab 1 at 13. The administrative judge summarized the issue as follows: the deciding official testified that, in determining the appropriate penalty, he considered the information provided by the appellant in her written response, which related to her prior EEO complaints, and found that such information further supported his conclusion that removal was the appropriate penalty because the appellant demonstrated a pattern of being unable or unwilling to see any other perspective than her own and placing the blame for her actions on others rather than accepting at least some responsibility. ID at 49. The administrative judge found that this did not amount to a due

---

agency had launched a whistleblower investigation, neither of which had occurred. ID at 61. Because the perceived whistleblower analysis is based on the perception of the agency officials and, in light of the administrative judge's credibility finding that the deciding official did not believe that the appellant engaged or intended to engage in whistleblowing activity, we discern no error in the administrative judge's conclusion that the deciding official did not perceive the appellant to be a whistleblower. *See King*, 116 M.S.P.R. 689, ¶ 8.

process violation because the notice of proposed removal clearly put the appellant on notice that it considered as an aggravating factor the appellant's apparent inability to recognize or accept that she had made errors. ID at 52. The administrative judge further noted that the appellant failed to cite any precedent that would suggest that the deciding official had a duty to notify the appellant that he may use her written response to support an aggravating factor. *Id.*

¶18 We agree with the administrative judge's conclusion that the appellant failed to establish that the agency violated her due process rights. The Board has held that an employee is not entitled to know the particular weight that a deciding official will attach to her arguments raised in response to the proposed adverse action in advance of a final decision. *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 13 (2014); *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶¶ 11-12 (2014), *aff'd*, 595 F. App'x 995 (Fed. Cir. 2015). Thus, we find unpersuasive the appellant's contention that the deciding official could not draw an adverse inference for penalty purposes based on information contained in her written response. PFR File, Tab 1 at 13.

¶19 The appellant also argues that the deciding official's consideration of the EEO materials she submitted amounts to direct evidence that her removal was not free from retaliation for her EEO activity. *Id.* at 14. We find her argument unavailing. The deciding official testified that it was not the fact that the appellant engaged in EEO activity itself but rather, as the administrative judge noted, the content of the appellant's statements that reflected a pattern in which she failed to take accountability or assume responsibility for her behavior which led the deciding official to believe she lacked potential for rehabilitation. ID at 49, 52; HR (testimony of the deciding official). We find no basis to disturb the administrative judge's explained findings that none of the appellant's EEO activity was a motivating factor in her removal. ID at 59. The administrative judge's findings demonstrate that he considered the evidence as a whole, drew

appropriate inferences, and made reasoned conclusions on the issue of credibility. *See Crosby*, 74 M.S.P.R. at 105-06; *Broughton*, 33 M.S.P.R. at 359.

¶20     We note that, after the issuance of the initial decision, the Board issued *Pridgen v. Office of Management and Budget*, 2022 MSPB 31.  Among other things, *Pridgen* held that, although claims of retaliation for opposing discrimination in violation of Title VII are analyzed under the same framework used for Title VII discrimination claims, 2022 MSPB 31, ¶¶ 30, 33, a "but-for" standard applies to a claim of retaliation for requesting a reasonable accommodation for a disability or opposing disability discrimination, *id.*, ¶¶ 44-47.  Here, the appellant's underlying EEO activity appears to include both Title VII claims and disability discrimination claims.  ID at 54-55.  Consideration of the appellant's claims under the frameworks set forth in *Pridgen* does not change the result.  To the extent that the initial decision analyzed the appellant's claims of reprisal in connection with opposing disability discrimination under the lower motivating factor standard, we discern no error in the administrative judge's reasoning.  *See Pridgen*, 2022 MSPB 31, ¶ 48.  We also find no reason to disturb the administrative judge's conclusion that the appellant failed to establish that her Title VII-related activity was a motivating factor in the removal decision. Having considered the appellant's arguments and the record in this matter, we further find that the appellant has failed to prove her retaliation claims by any other method.  *See id.*, ¶¶ 23-24.

¶21     Based on the foregoing, we affirm the administrative judge's decision to sustain the appellant's removal.

# NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       /s/ for
             Jennifer Everling
             Acting Clerk of the Board

Washington, D.C.