## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM TYRONE CUNNINGHAM,<br>Appellant, | DOCKET NUMBER<br>DC-4324-24-0204-I-1 |
| v. | |
| DEPARTMENT OF LABOR,<br>Agency. | DATE: May 18, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>William Tyrone Cunningham</u>, Washington, D.C., pro se.

<u>Jennifer Gold</u>, Esquire, and <u>Matthew Babington</u>, Esquire,
Washington, D.C., for the agency.

#### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

#### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) appeal as barred by the doctrine of laches. For the reasons discussed below, we GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional for further adjudication in accordance with this Remand Order.

## BACKGROUND

Effective December 9, 2016, the agency terminated the appellant's employment as a GS-12 IT Specialist while he was serving a 1-year probationary period. Initial Appeal File (IAF), Tab 21 at 189-193. The appellant challenged his probationary termination in an earlier appeal, and the Board found that it lacks jurisdiction over this claim under chapter 75 or 5 C.F.R. §§ 315.805-.806(a)-(c). *Cunningham v. Department of Labor*, MSPB Docket No. DC-315H-17-0167-I-1 (0167 Appeal), Final Order at 2-5 (July 27, 2022). The Board's decision was affirmed by the Court of Appeals for the Federal Circuit (Federal Circuit), *Cunningham v. Merit Systems Protection Board*, No. 22-2088, 2023 WL 177698 (Fed. Cir. Jan. 13, 2023) (per curiam), and the U.S. Supreme Court denied the appellant's request for certiorari, ___ U.S. ___, 144 S. Ct. 81 (Oct. 2, 2023).

The appellant filed a second appeal alleging that the agency violated the Veterans Employment Opportunities Act of 1998 (VEOA) in connection with his December 2016 probationary termination and also raising his March 2017 nonselection for a GS-14 position. *Cunningham v. Department of Labor*, MSPB Docket No. DC-3330-24-0220-I-1, Initial Appeal File (0220 AF), Tab 1 at 2, 117. An administrative judge dismissed that appeal on the basis that the appellant did not meet the time limit for filing a complaint with the Secretary of Labor. *Cunningham v. Department of Labor*, MSPB Docket No. DC-3330-24-0220-I-1, Initial Decision (0220 ID) at 1, 3-6. Because neither party filed a petition for review from the initial decision in the appellant's VEOA appeal, that decision is now final. *See* 5 C.F.R. § 1201.113.

On December 13, 2023, the appellant filed the instant USERRA appeal, alleging that the agency discriminated against him based on his former military service when it took a number of actions during his employment culminating in his

December 2016 probationary termination and when it subsequently did not select him for three higher-level positions in 2017. IAF, Tab 1 at 2, 120-21, Tab 9 at 4-7, 10-11, 16-19, Tab 14 at 3. The appellant alleged that his first-line supervisor, S.S., and his second-line supervisor, T.M., among others, were either responsible for or aware of the action culminating in his termination. IAF, Tab 27 at 7.

The agency filed a motion to dismiss the appeal, arguing that the appeal should be dismissed based on both the doctrines of laches and res judicata or alternatively for lack of jurisdiction. IAF, Tab 20. The appellant submitted a response in which he argued that the agency's motion was untimely filed. IAF, Tab 27 at 4-5. He also disagreed with the agency that his appeal should be dismissed, including arguing that laches should not bar his appeal because USERRA appeals have no statute of limitations. *Id.* at 5-9. On April 19, 2024, the administrative judge issued an initial decision, dismissing the appeal after applying the doctrine of laches, finding that the appellant's more than 6-year delay in filing this appeal unreasonably prejudiced the agency's ability to defend itself. IAF, Tab 28, Initial Decision (ID) at 1, 3-5.

The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The gravamen of his petition is that the administrative judge erred in his laches determination and that the agency discriminated against him based on his military service. *Id.* The agency has responded to the petition for review, and the appellant has replied. PFR File, Tabs 4, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly dismissed the appellant's non-selection claims as barred by the doctrine of laches, but the agency did not prove prejudice regarding the appellant's remaining claims.</u>

The administrative judge found that the appellant's "more than 6-year delay in filing this USERRA appeal [was] unreasonable." ID at 4. The administrative judge also found that some witnesses were no longer available, witnesses' memories had faded, and relevant documents had been lost. ID at 4-5. While we

agree with the application of laches to the appellant's nonselection claims, the agency did not establish prejudice regarding the appellant's remaining claims regarding his probationary employment and termination.

The equitable doctrine of laches bars an action when an unreasonable delay in bringing the action has prejudiced the responding party. *Johnson v. U.S. Postal Service*, 121 M.S.P.R. 101, ¶ 6 (2014). The party asserting laches must prove both unreasonable delay and prejudice. *Id.* While USERRA claims have no statute of limitations, both the Board and Federal courts of appeals have applied laches to USERRA cases. *Id.*, ¶¶ 6-8 (affirming the dismissal of an appellant's USERRA nonselection claim as barred by laches); *Garcia v. Department of State*, 101 M.S.P.R. 172, ¶¶ 14-17 (2006) (finding the only time-barred defense to USERRA claims is that of laches); *Payne v. Merit Systems Protection Board*, No. 2023-2024, 2024 WL 3423018, *2-3 (Fed. Cir. July 16, 2024) (per curiam) (affirming the Board's finding that the appellant's USERRA appeal was barred by laches);[2] *Maher v. City of Chicago*, 547 F.3d 817, 819, 821-23, 825 (7th Cir. 2008) (affirming a lower court's determination that the doctrine of laches barred the appellant's older USERRA claims).[3] Therefore, to the extent that the appellant argued below and reasserts on review that USERRA claims are not subject to laches, we disagree. PFR File, Tab 1 at 24-25; IAF, Tab 27 at 6.

*Unreasonable delay*

The parties do not dispute the administrative judge's determinations that the delay at issue here was over 6 years and that such a delay is generally unreasonable.

---

[2] The Board may rely on unpublished decisions of the Federal Circuit if it finds the court's reasoning persuasive, as we do here. *Johnson v. Office of Personnel Management*, 2022 MSPB 19, ¶ 11 n.3.

[3] Decisions by the Federal Circuit are controlling authority on the Board, whereas decisions by other circuit courts are persuasive, but not controlling, authority. *Fairall v, Veterans Administration*, 33 M.S.P.R. 33, 39 (1987), *aff'd per curiam*, 844 F.2d 775 (Fed. Cir. 1988); *see* 38 U.S.C. § 4324(d)(1) (identifying the Federal Circuit as the Board's reviewing court in USERRA appeals). We find the reasoning in *Maher* persuasive.

ID at 3-4. We discern no basis to disturb these findings. *See Pepper v. United States*, 794 F.2d 1571, 1572-74 & n 1 (Fed. Cir. 1986) (finding inexcusable for purposes of laches a delay of 6 years before the appellant first challenged the allegedly defective evaluation reports that served as the basis for his nonpromotion in military grade and eventual military discharge); *Johnson*, 121 M.S.P.R. 101, ¶ 7 (finding an appellant's 8 year delay in filing his USERRA appeal was unreasonable); *Brown v. Department of the Air Force*, 88 M.S.P.R. 22, ¶¶ 2-3, 6, 9 (2001) (finding that, although there was no statutory time limit for seeking corrective action from the Office of Special Counsel (OSC), laches barred an appellant's individual right of action appeal because he did not seek corrective action from OSC until 6 years after the underlying events took place). Further, rather than claiming ignorance of his rights, the appellant continues to assert on review, as he did below, that his delay in filing his USERRA appeal was a litigation strategy. IAF, Tab 5 at 7; PFR File, Tab 1 at 15-16; *Johnson*, 121 M.S.P.R. 101, ¶ 7 (affirming an administrative judge's determination that laches barred an appellant's claim because he took no steps to discover if he had any USERRA appeal rights even though he allegedly believed that the agency had discriminated against him based on his military service).

The appellant reargues on review that he reasonably delayed filing this appeal so as not to cause confusion between this USERRA appeal, his previous probationary termination appeal, and a discrimination complaint that he was pursuing before the Equal Employment Opportunity Commission (EEOC). PFR File, Tab 1 at 15-16; IAF, Tab 27 at 6, 9. In particular, he indicates that he wanted to prevent the agency from seeking to consolidate his various challenges to his probationary termination into one case. PFR File, Tab 1 at 15-16; IAF, Tab 27 at 6. He recounts his efforts in pursuing these prior cases as well as a separate lawsuit he filed against S.S. PFR File, Tab 1 at 15; IAF, Tab 27 at 5-7.

Some courts have contemplated that a party's delay in filing a case in court while pursuing administrative remedies may be reasonable. *Maher*, 547 F.3d

at 822; *Brundage v. United States*, 504 F.2d 1382, 1385-86 (Ct. Cl. 1974), *abrogated on other grounds by Cornetta v. United States*, 851 F.2d 1372, 1378-79 (Fed. Cir. 1988). The purpose of such a rule is to encourage administrative resolution of cases. *Brundage*, 504 F.2d at 1385-86. It is debatable whether the rule stated in these court decisions applies before the Board. The purpose of the rule is not served here because the appellant's various administrative claims burden the same administrative system in which he is now pursuing this appeal. *Cf. Maples v. Defense Logistics Agency*, 31 M.S.P.R. 667, 668-69, 671 (1986) (explaining that the fact that an appellant was challenging the same underlying removal in Federal district court or sought to reach a settlement with the agency did not constitute good cause for his untimely filed petition for review), *aff'd*, 824 F.2d 980 (Fed. Cir. 1987) (Table); *Grasty v. Department of the Navy*, 31 M.S.P.R. 438, 439, 441 (1986) (finding that an appellant's pursuit of his formal discrimination complaint in court did not constitute good cause for waiver of the time limit for requesting Board review of an arbitration decision upholding the same removal).

In any event, the appellant waited a substantial amount of time before seeking a remedy for a USERRA violation. As described by the appellant, his EEOC case concerned race discrimination in connection with his schedule. IAF, Tab 1 at 27. He does not claim that he sought to remedy discrimination based on military service in that action. *Id.* Nor did the appellant allege discrimination based on his miliary status in connection with his prior Board appeal challenging his probationary termination, and he did not raise any nonselection claims in that action. *E.g.*, PFR File, Tab 1 at 15; 0167 Appeal, Initial Appeal File, Tab 1 at 6, Tab 31 at 4-6. The only evidence in the record as to when the appellant first raised claims of military discrimination or sought to challenge a nonselection is his untimely complaint he filed with the agency's Veterans' Employment and Training Service (VETS) dated December 1, 2023. IAF, Tab 1 at 13, 15, 23-27; 0220 ID at 4-5. The VETS complaint served as the basis for the appellant's prior VEOA appeal before the Board. 0220 AF, Tab 1 at 3, 10-14; 0220 ID at 4-5. However,

there is still a 6-year gap between the underlying events and the filing of the VETS complaint. Therefore, we agree with the administrative judge that the appellant's delay in filing the instant appeal was unreasonable.

*Prejudice to the agency*

The administrative judge found that the agency was prejudiced because several key witnesses had left the agency, witnesses' memories had faded, and agency records were no longer available. ID at 4-5. The appellant raises a number of challenges to this reasoning on review. PFR File, Tab 1 at 6-12, 16-17, 23. We agree with the administrative judge that the agency proved prejudice with respect to the appellant's nonselection claims, but not with respect to his remaining claims.

The party asserting laches must prove prejudice. *Cornetta*, 851 F.2d at 1380; *Johnson*, 121 M.S.P.R. 101, ¶ 6. Here, the agency argued that the appellant's delay harmed its defense. IAF, Tab 20 at 17. A party may prove this type of "defense prejudice" based on "loss of records, destruction of evidence, fading memories, or unavailability of witnesses." *Cornetta*, 851 F.2d at 1378; *see Johnson*, 121 M.S.P.R. 101, ¶ 9 (finding prejudice based on the potential unavailability of some relevant witnesses coupled with the loss of documents that could refresh their recollections of the events); *Brown*, 88 M.S.P.R. 22, ¶¶ 8-9 (concluding that an agency proved prejudice based on the loss of both documents and personnel that could give the agency information regarding the actions at issue and because employees in the agency who were in the appellant's chain of command had vague or no memory of him).

The agency argued, supported by a signed declaration, that consistent with the applicable 2-year record retention policy, it no longer maintains the "2016 or 2017 vacancy records for the three vacancies at issue in this matter." IAF, Tab 26 at 4-5. Further, while the agency had a practice of maintaining vacancy files for 5 years, it had no reason to do so here. IAF, Tab 26 at 4-5. The appellant did not raise any nonselection claim until more than 6 years after the vacancies closed,

when he filed his VETS complaint in December 2023. IAF, Tab 1 at 17, 20-21, Tab 20 at 22-23; PFR File, Tab 4 at 13-14.

The agency also argued that coupled with this loss of documents and other data, it was unable to locate B.P., who the appellant identified as a witness in connection with one of his nonselections. IAF, Tab 9 at 6-7, Tab 20 at 20. The agency stated B.P. "is no longer with the Department, [and] despite the [a]gency's efforts to locate him, his current whereabouts are unknown." IAF, Tab 20 at 20. An agency is substantially prejudiced in defending a nonselection appeal when the retirement of relevant witnesses is coupled with the absence of relevant documents concerning the selection process. *Johnson*, 121 M.S.P.R. 101, ¶¶ 8-9. Neither the appellant nor the agency has identified the officials responsible for his nonselections. Due to the appellant's lack of specificity regarding the individuals involved in his nonselection claims or who may have retained relevant paper records, coupled with the unavailability of B.P. and electronic documents, we agree that the agency is substantially prejudiced in defending the appellant's nonselection claims. We therefore agree with the administrative judge's finding of prejudice with respect to these claims.

However, we disagree with the administrative judge's determination that the agency proved prejudice with respect to the appellant's remaining arguments. The agency argued below that the departure of S.S. and T.M., coupled with their time spent in new jobs, established prejudice to the agency. IAF, Tab 20 at 20-21. On review, the appellant reargues that the fact that S.S. and T.M. have departed from the department where they worked with the appellant is not sufficient to establish unavailability, and therefore prejudice. PFR File, Tab 1 at 7; IAF Tab 27 at 7. We agree.

The agency stated that T.M. continues to work for the agency in a different office and that S.S. is now employed by the Department of Homeland Security. IAF, Tab 20 at 20; PFR File, Tab 4 at 11. Typically, Federal employees, regardless of whether they are still employed by the agency that is party to a proceeding, can

be required to provide testimony or evidence when ordered to do so by an administrative judge. 5 C.F.R. § 1201.33. The fact that S.S. and T.M. have transitioned to new roles within the Federal government does not prevent the agency from defending itself.

Further, in analyzing prejudice, "[i]t is the availability and memory of witnesses, not their employment status, that is relevant." *Hoover v. Department of the Navy*, 957 F.2d 861, 863-64 (1992) (explaining that retirement of a witness alone is insufficient to establish prejudice). The agency's representative merely asserted that "after several years in other jobs and other roles, these two key witnesses' memories regarding their relevant prior supervisory roles with the [a]gency, as well as regarding the detailed facts and circumstances as alleged in the instant appeal, have naturally faded over time." IAF, Tab 20 at 20. Neither below nor on review, did the agency submit evidence, such as an affidavit or declaration from S.S. or T.M., that these individuals are unable to recall the relevant events and circumstances at issue in this appeal. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995) (finding that the statements of a party's representative in a pleading do not constitute evidence). Therefore, the agency has not substantiated its claim that S.S. and T.M.'s memories of the relevant events have faded.

The appellant also reargues on review that despite the agency's records retention policies, the agency should have maintained, and he and the Board in fact have retained, data and records relevant to his probationary employment and termination based on his various other appeals and complaints. IAF, Tab 27 at 5-7; PFR File, Tab 1 at 6-12. Most significantly, the appellant points to his earlier Board appeal challenging his probationary termination from the agency. 0617 IAF, Tab 1; PFR File, Tab 1 at 6. Litigation arising out of that appeal concluded in October 2023, when the Supreme Court denied the appellant's writ of certiorari. *Cunningham*, ___ U.S. ___, 144 S. Ct. 81. The appellant filed the instant appeal 2 months later. IAF, Tab 1.

The burden is on the agency to establish the appellant's filing delay contributed to the destruction of relevant documents and that the inadequacy of the remaining available documents prejudices the agency's ability to respond. *Pueschel v. Department of Transportation*, 113 M.S.P.R. 422, ¶¶ 11-12 (2010). We are struck by the amount of evidence the appellant has presented, and that is available in Board records, regarding his probationary termination and employment. For example, the record contains a performance review issued to the appellant covering the relevant time period, emails between the appellant and union leadership regarding his allegation that his core hours were removed, a notice of termination during probationary period, and grievance records. IAF, Tab 1 at 39-45, 47-50, 78-79, 82-85. We cannot presume prejudice, and the agency has not provided any specific evidence supporting its claim that its defense has been compromised by the appellant's dilatory conduct. *See Brown*, 88 M.S.P.R. 22, ¶¶ 5-6 (explaining that the Board cannot presume that an appellant's delay caused prejudice to the agency in connection with a laches defense (citing *Cornetta*, 851 F.2d at 1378-80 (concluding that "a presumption to prejudice is unsupportable" in connection with a laches defense)).

Because the agency did not meet its burden in proving that the appellant's filing delay was prejudicial to its ability to defend itself against all of the appellant's claims, his appeal is not barred by laches.

We decline to consider the appellant's new arguments on review regarding the reasonableness of his filing delay.

On review, the appellant submits new evidence and makes new arguments regarding the laches issue. We decline to consider these arguments and evidence here.

The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Here, the appellant responded to the

agency's motion to dismiss his appeal on the basis of laches on February 28, 2024. IAF, Tab 27. The administrative judge issued his initial decision on April 19, 2024. With his May 2024 petition for review, the appellant presents new arguments about why his delay in filing this USERRA appeal was reasonable, pointing to difficulties he encountered filing documents with the Board in person and online due to the Board's COVID policies and the Board's transition to its e-Appeal filing system, and to his concerns about the Board's prior "backlog" and lack of quorum. PFR File, Tab 1 at 13-14. He also disputes that the agency was prejudiced by the delay, asserting for the first time that the agency failed to retain and provide him with records as required by the Fair Labor Standards Act (FLSA) and the Freedom of Information Act (FOIA). *Id.* at 11-12, 23. The appellant has not explained why he did not raise the arguments below. Because he has not established that these arguments were based on evidence that was not previously available to him despite his due diligence, we have not considered them.

Similarly, the appellant submits new documents for the first time on review. These include alerts of MSPB e-Appeal system outages, various versions of the MSPB's COVID-19 telework and safety plan, a timeline of the appellant's civil lawsuit against S.S., FOIA requests, and documents related to his EEOC case. PFR File, Tab 1 at 29-98. Most of these documents date from March 2017 to October 2023, at least 5 months before the appellant's response to the agency's motion to dismiss and 6 months prior to the initial decision. *Id.* at 29-57, 59-98. The remainder of the records submitted on review—notices that the Board's e-Appeal system would be offline for periods ranging from 1 hour to 4 hours on discrete dates in April and May 2024—are not materials to the laches issue before us. *Id.* at 57-58. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Therefore, we will not consider these documents further.

<u>Any abuse of discretion by the administrative judge was harmless.</u>

The appellant also alleges that the administrative judge abused his discretion below by ordering the appellant to pause filing documents and by considering the agency's allegedly untimely motion to dismiss. The appellant alleges that he would have submitted several of the documents he provides on review absent the administrative judge's order to pause submitting documents below. PFR File, Tab 1 at 17-18, 20; IAF, Tab 15 at 1. We are not persuaded.

An administrative judge has wide discretion to control the proceedings before him. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 12 (2013). In order to obtain reversal based on an abuse of this discretion, an appellant must show that any error denigrated his substantive rights. *Id.*, ¶¶ 12, 14. The appellant has not established that the administrative judge's order prejudiced him by precluding him from including any necessary documents with his response to the agency's motion to dismiss. His response to the motion to dismiss was filed after the administrative judge's order to stop filing documents, and he submitted several other documents with his response to the agency's motion. *See* IAF, Tabs 15, 27. Accordingly, even assuming the administrative judge abused his discretion, it would not be a basis to reverse the initial decision.

Finally, below and on review, the appellant argued that the agency's motion to dismiss was untimely, and therefore the administrative judge abused his discretion by considering it. PFR File, Tab 1 at 25-26. We disagree. Although the agency was ordered to file its motion to dismiss no later than February 19, 2024, and the motion was filed on February 20, 2024, it is nonetheless timely filed. When the last day for filing falls on a Saturday, Sunday, or Federal holiday, the filing period will include the first workday after that date. 5 C.F.R. § 1201.23(a). Because February 19, 2024, was a Federal holiday, the last day the agency could timely file the motion was extended to February 20, 2024. Because the agency's

motion to dismiss was filed on February 20, 2024, it was timely filed, and the administrative judge did not abuse his discretion by considering it.[4]

## ORDER

For the reasons discussed above, we remand this appeal to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                              _____
                                            Gina K. Grippando
                                            Clerk of the Board
Washington, D.C.

---

[4] We decline to consider the appellant's arguments concerning matters that are not relevant to the dispositive laches issue before us, including the Board's jurisdiction over his probationary termination, the merits the termination and other matters occurring during his employment, and the agency processing of his EEOC case and the merits of that case. PFR File, Tab 1 at 5-10, 12-13, 18-23, 27. The appellant may argue these issues on remand as appropriate, consistent with the orders of the administrative judge. To the extent that the appellant argues the administrative judge was biased based on the relatively longer filing extensions he granted to the agency as compared to extensions he granted to the appellant, we are not persuaded. PFR File, Tab 1 at 26; *see Vaughn*, 119 M.S.P.R. 605, ¶ 18 (declining to infer bias based on an administrative judge's case-related rulings).